UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ZAVALA,

　　　　　　Plaintiff,

　　　　v.

SACRAMENTO COUNTY JAIL,

　　　　　　Defendant.

No.  2:25-cv-03021-CKD P

ORDER

Plaintiff is a county inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

## I.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.    Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate in the Sacramento County Jail.  ECF No. 1.  Plaintiff alleges that he is a Native American, and that

2

since being incarcerated he has not received spiritual counseling or guidance. Id. at 4.  Plaintiff alleges that as a result of his lack of access to religious assistance he has suffered depression and suicidal ideation. Id.

By way of relief, plaintiff seeks to be able to practice his religion and $2,000,000 in compensatory damages for each claim.[1] Id. at 6.  Plaintiff names only the Sacramento County Jail as a defendant. Id. at 1.

### III.    Legal Standards

The following legal standard is being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

### A.  Religious Land Use and Institutionalized Persons Act (RLUIPA)

RLUIPA prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997–98 (9th Cir. 2005)); 42 U.S.C. § 2000cc-1(a).  The plaintiff bears the initial burden of demonstrating that an institution's actions have placed a substantial burden on plaintiff's free exercise of religion.  To state a cognizable claim under RLUIPA, plaintiff must specify how the defendant denied him access to religious services.  In this regard, plaintiff must link any RLUIPA claim to the defendant's specific conduct.  Plaintiff is advised that monetary damages are not available under RLUIPA against state officials sued in their individual capacities.  See Jones v. Williams, 719 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests any congressional intent to hold them individually liable.").  RLUIPA only authorizes suits against a person in his or her official or governmental capacity.  See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014).

/////

---

[1] Plaintiff lists three claims: exercise of religion, threat to safety, and mental distress. ECF No. 1.

### IV.    Analysis

Plaintiff names only the Sacramento County Jail as a defendant, not any defendant acting in his or her official capacity that would be a proper defendant in a RLUIPA case. Thus, plaintiff's complaint must be dismissed.  However, plaintiff will be given the opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### V.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that service of the complaint is not appropriate because you do not name any specific person who acted in an official capacity in allegedly denying you the right to worship.  Your complaint is being dismissed, but you are being given the chance to fix the problems identified in this screening order.

4

Although you are not required to do so, you may file an amended complaint within 30 days from the date of this order.  If you choose to file an amended complaint, pay particular attention to the legal standards identified in this order which may apply to your claims.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff's Department filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 6, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Ckd.Zavala3021.screen

5